**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SENECA RESOURCES CORP., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-154 Erie |
| UNITED STATES FOREST SERVICE, | ) ) ) ) | Judge Sean J. McLaughlin |
| Defendant. | ) | |

**MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., J.

      This matter is before the Court upon the Motion for Leave to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure filed on November 29, 2009, by the Sierra Club and the Allegheny Defense Project. Plaintiff, Seneca Resources Corporation, filed a Memorandum in Opposition on December 23, 2009.

      The proposed intervenors seek to intervene in this action based upon Federal Rule of Civil Procedure 24(a)(2), which provides for intervention as a matter of right, and Rule 24(b), which allows for permissive intervention. Rule 24(a)(2) provides in pertinent part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. Pro. 24(a)(2). The Third Circuit has interpreted Rule 24(a) to require proof of four elements from the party or parties seeking intervention: "first, a timely application for leave to intervene; second, a sufficient interest in the litigation; third, a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and fourth, inadequate representation of the prospective intervener's interest by the existing parties to the litigation." Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3rd Cir. 1998) (citing, e.g., Mountain

Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3rd Cir. 1995)).

Alternatively, Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1)(B). Although the proposed interveners' interests are likely to be adequately represented by the United States Forest Service in this matter, I nonetheless exercise my discretion and grant the intervenors' application for permissive intervention because the Allegheny Defense Project and Sierra Club each share "a common question of law or fact" with the "main action." See, e.g., Kiamichi R.R. v. National Mediation Bd., 986 F.2d 1341, 1345 (10th Cir. 1993).

Accordingly, for the reasons stated above, the Motion for Leave to Intervene is GRANTED.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___