## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SENECA RESOURCES CORP., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 09-154 Erie |
| | ) Judge McLaughlin |
| UNITED STATES FOREST SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Cross-Motions for Summary Judgment filed by Plaintiff Seneca Resources ("Seneca"), Defendant United States Forest Service ("Forest Service"), and Intervenors Allegheny Defense Project and Sierra Club. This Court has jurisdiction pursuant to 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331.

This action mirrors a related case filed against the Forest Service in Minard Run Oil Co. v. U.S. Forest Service, 2009 WL 4937785 (W.D. Pa. 2009) ("Minard Run II"), wherein Minard Run Oil Company ("Minard Run") and the Pennsylvania Independent Oil and Gas Association ("PIOGA") sought relief from this Court concerning the procedure by which private mineral owners exercised their rights to extract oil and gas in the Allegheny National Forest ("ANF"). Historically, pursuant to a procedure established in 1981 in United States v. Minard Run, 1980 U.S. Dist. Lexis 9570 (W.D. Pa. 1980) ("Minard Run I"), the

1

Forest Service and oil and gas drillers had balanced their respective interests in the ANF through a cooperative exchange of information and negotiation culminating in the issuance of a "Notice to Proceed" ("NTP"), a document acknowledging that proper notice had been given to the Forest Service and memorializing any agreements between the parties concerning a proposed drilling operation.  In 2009, however, the Forest Service entered into a settlement agreement in a related action wherein it agreed to conduct an environmental analysis and/or environmental impact study pursuant to the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.* ("NEPA") prior to issuing any further NTPs.  See FSEEE v. U.S. Forest Service, No. 08-323, 2009 WL 1324154 (W.D. Pa. 2009).  Both the current lawsuit and Minard Run II were filed in response to that decision, each challenging the extent of the Forest Service's regulatory authority over drilling proposals and the "drilling hiatus" in the ANF which was the result of the FSEEE settlement agreement.

Following a three-day evidentiary hearing, this Court enjoined the Forest Service from "requiring the preparation of a NEPA document as a precondition to the exercise of private oil and gas rights in the ANF" and from "[e]nforcement of the forest-wide drilling ban in the ANF."  See Minard Run II, 2009 WL 4937785, *34.  The Third Circuit affirmed the grant of the preliminary injunction in all respects on September 20, 2011.  See Minard Run Oil Co. v. U.S. Forest Service, 670 F.3d 236 (3rd Cir. 2011) ("Minard Run III").  On September 4, 2012, the Court entered summary judgment in favor of Minard Run and PIOGA and converted the preliminary injunction order issued in Minard Run

II into a final declaratory judgment on the merits. Minard Run Oil Co. v. U.S. Forest Service, 2012 WL 3877625 (W.D. Pa. 2012) ("Minard Run V").

In the instant action, Seneca is seeking essentially the same relief as that sought in Minard Run II, to wit, a declaration reinstating and reaffirming the cooperative scheme for the exercise of oil and mineral rights in the ANF "as set forth in United States v. Minard Run Oil Co., No. 80-129, 1980 U.S. Dist. LEXIS 9570 (W.D. Pa. Dec. 16, 1980), and as further described by this Court in United States v. Minard Run Oil. Co., Civil Action No. 1:09-125 (W.D. Pa. Dec. 15, 2009), *aff'd*, Nos. 10-1265, 10-2332 (3d Cir. Sept 20, 2011), and in this Court's Opinion dated March 23, 2012, in United States v. Minard Run Oil Co., Civil Action No. 1:09-125, Dkt. No. 119." (Plaintiff's Renewed Motion for Summary Judgment, Proposed Order). Indeed, Seneca and the Forest Service agree that this Court's ruling in Minard Run II is dispositive in the instant action and disagree only as to the "form of order to dispose of the pending motions and to conclude this litigation." (Plaintiff's Renewed Motion for Summary Judgment, p. 1). Despite diligent settlement efforts, the parties have indicated that they were unable to negotiate "agreed language for a declaratory judgment to end this case." (Plaintiff's 8/15/12 Letter to Court). Accordingly, the Court hereby issues the following order:

    1.    For the reasons set forth in Minard Run Oil Co. v. U.S. Forest Service, 2009 WL 4937785 (W.D. Pa. 2009), Minard Run Oil Co. v. U.S. Forest Service, 670 F.3d 236 (3rd Cir. 2011), and Minard Run Oil Co. v. U.S. Forest Service, 2012 WL 3877625 (W.D. Pa. 2012),

3

      Plaintiff's Motion for Summary Judgment is hereby GRANTED. Defendants' Motions for Summary Judgment are DENIED.

2. Proposals for drilling activity in the ANF shall continue to be processed forthwith in the same form and manner in which they had been prior to the inception of the drilling ban and consistent with the procedures set forth in <u>United States v. Minard Run Oil Co.</u>, 1980 U.S. Dist. LEXIS 9570 (W.D. Pa. 1980) and 30 U.S.C . § 226(o).

3. Each of the Court's previous rulings in the <u>Minard Run</u> litigation, Civil Action 09-125, is hereby incorporated by reference, including the Court's oral order on March 9, 2010, clarifying the rights and responsibilities of private mineral estate owners and the Forest Service.

      IT IS SO ORDERED.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SENECA RESOURCES CORP., )
)
)
Plaintiff, )
v. ) C.A. No. 09-154 Erie
) Judge McLaughlin
)
UNITED STATES FOREST SERVICE, )
*et al.*, )
)
Defendants. )

## **ORDER**

AND NOW, this 19th day of March, 2013, for the reasons set forth in the accompanying Memorandum Opinion:

1. Plaintiffs' Motion for Summary Judgment is GRANTED;

2. Defendants' Motions for Summary Judgment are DENIED;

3. JUDGMENT is hereby entered in favor of Plaintiff.

IT IS SO ORDERED.

/s/ - Sean J. McLaughlin
United States District Judge

cm: All parties of record.